IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Horace Holmes, #50695, ) | C/A 4:07-960-CMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **OPINION and ORDER** |
| Dr. NFN Moore; NFN Phillips, nurse ) | |
| staff; NFN Posten, nurse staff; NFN ) | |
| Thompson, nurse staff; NFN Myers, ) | |
| detention staff; NFN Hudson, detention ) | |
| staff; NFN Davis, detention staff; NFN ) | |
| Glenn, detention staff; NFN Goldwire, ) | |
| detention staff; NFN White, detention ) | |
| staff; NFN Danials, detention staff; NFN ) | |
| Haskins, detention staff; NFN Rielly, ) | |
| detention staff; NFN Samuel, detention ) | |
| staff; NFN Smith, detention staff, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 28, 2008, the Magistrate Judge issued a Report recommending that this matter be dismissed for failure to exhaust administrative remedies or, in the alternative, recommending granting summary judgment to Defendants' Myers, Hudson, Davis, Glenn, Goldwire, White, Danials, Haskins, Rielly, Samuel, and Smith. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the

time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's complaint is defective for failure to exhaust administrative remedies. However, even if Plaintiff were to properly exhaust his administrative remedies and return to this court, he cannot overcome the motion of Defendants Myers, Hudson, Davis, Glenn, Goldwire, White, Danials, Haskins, Rielly, Samuel, and Smith for summary judgment. Therefore, the motion for summary judgment of Defendants Myers, Hudson, Davis, Glenn, Goldwire, White, Danials, Haskins, Rielly, Samuel, and Smith (Dkt. # 58) is **granted** and this matter is dismissed with prejudice as to these Defendants.

The remaining Defendants filed a motion for summary judgment on April 5, 2008. On April 17, 2008, Magistrate Judge Rogers entered a *Roseboro* order[1] advising Plaintiff of the necessity of and requirements for responding to Defendants' motion and the consequences of failing to do so. Plaintiff has failed to respond, despite being given thirty-four (34) days to do so.

As discussed above, Plaintiff's complaint is defective due to his failure to exhaust administrative remedies. However, even if Plaintiff were to properly exhaust his administrative remedies and return to this court, he has not responded to this motion for summary judgment filed by Defendants' Moore, Phillips, Posten, and Thompson. Because the court finds that the motion is adequately supported, the court **grants** the motion for summary judgment (Dkt. #74) and this matter is therefore dismissed in it entirety with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 19, 2008

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\07-960 Holmes v. Moore e adopt rr dism failure to exhaust alt gr sumjgm.wpd

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).